IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BETTIE DALL,

        Plaintiff,

v.                                               1:10-cv-00319 JRG DLB

WYETH, INC., et al.,

        Defendants.

**ORDER**

The court notes the failure of plaintiffs' counsel to appear at the December 9, 2011, scheduling conference. On Tuesday, December 6, 2011, I entered an order scheduling an Initial Management Conference in this civil action as well as several other related actions. On December 7, 2011, counsel attempted to contact my court clerk to take the Management Conference off the calendar in lieu of the parties' already existing and executed Master Settlement Agreement. Their attempt was unsuccessful. Counsel for the defendants contacted my law clerk on December 8, 2011, and requested permission for lead counsel of both parties to appear by telephone due to scheduling conflicts. Counsel was instructed that per the court order lead counsel was to appear in person unless they were in trial. If counsel was in trial and unable to appear at the scheduling conference they were instructed to provide me with the civil action number and the name of the court and the judge. Late in the afternoon of December 8, 2011, the parties filed a stipulation to adjourn trial and pre-trial deadlines and to request for a continuance of the December 9, 2011, scheduling conference. The parties also requested a telephonic

appearance at the scheduling conference due to the short notice and scheduling conflicts. The stipulation was construed as a motion and denied. Counsel flagrantly disobeyed my December 6, 2011, order and failed to appear on December 9, 2011.

I have received plaintiff's counsels' explanation regarding settlement of this action and their failure to appear. The court does not excuse plaintiff's counsels' failure to obey a court order. In light of the representations made, the court will not proceed further, however, with a show cause order but **ORDERS** as follows:

1. That the remaining requirements of the Scheduling Order be continued.
2. That the Clerk retire this action from the active docket.

The parties may submit an agreed order of dismissal within thirty days of the entry of this Order. Otherwise, dismissal will be without prejudice.

The court will reinstate this case to the active docket if one of the parties shows good cause for such reinstatement within thirty days of the entry of this Order.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 14, 2011

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE